UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RENE F. R. C.,[1]
(A-Number: 220-617-400)

Petitioner,

v.

ANDREWS, *et al.*,

Respondents.

Case No. 1:26-cv-05247-JLT-FJS (HC)

ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL
(ECF No. 4)

FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS
(ECF No. 1.)

FOURTEEN (14) DAY DEADLINE

Plaintiff Rene F. R. C. ("Petitioner") is a federal immigration detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

I. BACKGROUND

On July 9, 2026, Respondents filed a notice of duplicate petition, advising the court that the instant petition is duplicative of the petition in Case No. 1:26-cv-3211-KES-SAB (HC), where the court ordered a bond hearing. (ECF No. 9.) In the prior action, on July 2, 2026, the district judge adopted the magistrate judge's findings and recommendations, granted the petition for writ

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits petitioner's full name, using only the first name and last initial, to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

of habeas corpus, and ordered the respondents to provide Petitioner with a bond hearing within ten days. Case No. 1:26-cv-3211-KES-SAB (HC), ECF Nos. 11, 13. Petitioner signed the petition in the instant action on July 3, 2026, and it was filed with the court on July 8, 2026. (ECF No. 1.) On August 6, 2026, Respondents further notified the court that the immigration judge granted Petitioner release on bond during a July 10, 2026, bond hearing, and Petitioner was released on bond and is no longer in immigration custody. (ECF No. 11.)

## II. DISCUSSION

Although Respondents request dismissal of the instant petition as duplicative, the court finds that dismissal as duplicative is not appropriate where, as here, the instant petition was filed after the first action was closed. *See Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) ("Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.") (internal quotations and citations omitted).

While Respondents do not specifically raise this argument, the court finds that the petition should be dismissed under the abuse of writ doctrine. "Generally, the abuse of the writ doctrine 'forbids the reconsideration of claims that were or could have been raised in a prior habeas petition.'" *Petrocelli v. Angelone*, 248 F.3d 877, 884 (9th Cir. 2001) (quoting *Calderon v. United States Dist. Ct.*, 163 F.3d 530, 538 (9th Cir. 1998) (en banc)). When considering the abuse of the writ doctrine in a section 2241 proceeding, the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA") second or successive provisions do not govern, but "inform [judicial] consideration." *Calderon v. Thompson*, 523 U.S. 538, 558 (1998). "[A]pplication of the doctrine 'should be expected to yield a resolution in harmony with AEDPA.'" *Anariba v. Dir. Hudson Cty. Corr. Ctr.*, 17 F.4th 434, 442 (3d Cir. 2021) (quoting *Calderon*, 523 U.S. at 558). The Ninth Circuit recognizes that the common law doctrine of the abuse of the writ doctrine may apply to successive habeas petitions challenging immigration detention filed pursuant to section 2241. *Alaimalo v. United States*, 645 F.3d 1042, 1049 (9th Cir. 2011) ("Under the abuse of the writ doctrine, a successive petition that raises identical grounds for relief as a prior petition must be dismissed unless the petitioner can show (1) cause for bringing a successive petition and that

prejudice would result or (2) that a fundamental miscarriage of justice would result from failure to entertain that claim.”).

In *McClesky*, the Supreme Court examined the scope and procedure of the abuse of the writ doctrine. When a prisoner files a second or subsequent habeas petition, the government bears the burden of pleading abuse of the writ by noting, with clarity and particularly, petitioner’s prior writ history, identifies the claims that appear for the first time, and alleges that petitioner has abused the writ. *McClesky v. Zant*, 499 U.S. 467, 494–95 (1991). The burden to disprove abuse then shifts to petitioner. *Id.* If petitioner cannot show cause, the failure to raise the claim in an earlier petition may nonetheless be excused if he or she can show that a fundamental miscarriage of justice would result from a failure to entertain the claim. *Id.* While a court can raise abuse of the writ *sua sponte*, a petitioner must still have proper notice of the claim he must rebut, and the government still bears the burden of proof. *Alaimalo v. United States*, 645 F.3d 1042, 1065 (9th Cir. 2011) (Korman, J., dissenting); *Femia v. U.S.*, 47 F.3d 519, 523 (2nd Cir. 1995).

Here, there is little doubt that Petitioner could have filed in his earlier petition, and did file, on the same grounds he now pursues. In both petitions, Petitioner alleged that his detention was unlawful because he has no criminal convictions, lived in the United States since he was two years old, and was detained without process. In both petitions, Petitioner seeks his immediate release.

Though Petitioner was not given notice of the abuse of writ of doctrine such that the burden to disprove abuse would shift to him, the court nevertheless finds that the petition should be dismissed. The court in Case No. 1:26-cv-3211-KES-SAB (HC), granted Petitioner’s request for relief and ordered the respondents to provide Petitioner a bond hearing on July 2, 2026, one day before Petitioner signed the instant petition. (*See* ECF No. 1 at 35.) A bond hearing was held on July 10, 2026, and Petitioner has since been released from custody. (ECF No. 11-1.) Considering the posture of the prior and current actions, and Petitioner’s release from custody, the court finds that the petition may also be dismissed as moot.

III. ORDER AND RECOMMENDATION

Based on the foregoing, Petitioner's motion to appoint counsel, (ECF No. 4), is DENIED.

Furthermore, the court HEREBY RECOMMENDS that the petition for writ of habeas corpus be dismissed.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B). Within fourteen (14) days after being served with a copy of these findings and recommendations, a party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the court. Any pages filed in excess of the 15-page limit may not be considered. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment.

IT IS SO ORDERED.

Dated: **August 10, 2026**

UNITED STATES MAGISTRATE JUDGE