**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

RENE FRANCISCO ROJAS CARRILLO,

Petitioner,

v.

ANDREWS, et al.,

Respondents.

Case No. 1:26-cv-05247 JLT FJS (HC)

A-Number: 220-617-400

ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS MOOT, TERMINATING THE FINDINGS AND RECOMMENDATIONS, AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE

(Docs. 1, 12)

Rene Francisco Rojas Carillio, an immigration detainee, proceeds with his second petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (*See generally* Doc. 1.) Petitioner filed his first petition with this Court on April 27, 2026, in Case No. 1:26-cv-03211-KES-SAB. In that action, the magistrate judge recommended granting the petition on June 30, 2026, and the recommendation was adopted on July 2, 2026. The Court ordered that Petitioner be provided with a bond hearing within ten days.

The day after the Court issued its order directing a bond hearing, Petitioner filed his second petition and a motion for temporary restraining order in the action now pending, again challenging his detention and seeking release. (Docs. 1, 3.) On July 9, 2026, the Court denied the motion for temporary restraining order and referred the petition to the magistrate judge. (Doc. 7.) Respondents informed the Court that this action appeared duplicative, and that a bond

hearing was scheduled for July 10, 2026. (Doc. 9.) The assigned magistrate judge then directed Respondents to provide a status report regarding the hearing, after which Respondents reported that "Petitioner was released on bond and is no longer in immigration custody." (Doc. 11 at 2; *see also* Doc. 11-1 at 1.) A routine review of the online ICE detainee locator confirms that Petitioner is no longer in ICE custody.

Importantly, the case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983); *N.A.A.C.P., Western Region v. City of Richmond*, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481 (1982). The federal court is "without power to decide questions that cannot affect the rights of the litigants before them." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (per curiam) (quoting *Aetna Life Ins. Co. v. Hayworth*, 300 U.S. 227, 240-241 (1937)). Because the petition requested release and Petitioner is no longer in custody, there is no further relief this court can provide. The petition is moot, and the Court no longer has jurisdiction. Thus, the Court **ORDERS**:

1. The petition (Doc. 1) is **DISMISSED**.
2. The Findings and Recommendations dated August 10, 2025 (Doc. 12) are terminated as **MOOT**.
3. The Clerk of Court is directed to terminate pending matters and close this case.

IT IS SO ORDERED.

Dated: _September 2, 2026_

UNITED STATES DISTRICT JUDGE